**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $13,547.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendants | : | |
| | : | |
| [CLAIMANT:  CARLOS MORAIS] | : | September 9, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H.

Durham, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant

United States Attorney, and respectfully states that:

1.     This is a civil action in rem brought to enforce the provision of 21 U.S.C. §

881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled

substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2.     This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and

1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3.     The Defendant is $13,547.00 in United States Currency ("Defendant Currency").

4.     The Defendant Currency is located within the jurisdiction of this Court.

5.     On June 11, 2019, Carlos Morais submitted an administrative claim of ownership to

the Defendant Currency.

1

## Background of Investigation

6.      Late in 2018, law enforcement began an investigation of a heroin and cocaine drug trafficking organization ("DTO") based out of Waterbury, Connecticut led by an individual named Keith Jordan ("Jordan").

7.      Numerous court authorized Title III intercepts of Jordan's telephone, and surveilled narcotics transactions, determined that an individual named Carlos Morais ("Morais") was a major narcotics distributor and co-conspirator to the Jordan DTO. Law enforcement subsequently applied for and received authorization to intercept calls from a telephone utilized by Morais.

8.      During several intercepts of Morais' telephone, law enforcement learned that an individual named Jordan Jamison ("Jamison") was a frequent customer of Morais.  Morais and Jamison's telephone conversations were intercepted by law enforcement as the two were coordinating multiple heroin and cocaine transactions in Waterbury, Connecticut during November and December of 2018.   Prior to the Title III intercepts between Morais and Jamison, law enforcement was aware of Jamison and his drug trafficking activities, as they had used a confidential source to make controlled purchases of heroin from him.

9.      On November 26, 2018, law enforcement intercepted a telephone call between Jeffrey Roberts ("Roberts") and Morais.  In sum and substance, Roberts asked Morais where he was and Morais replied that he was just leaving the Brass Mill Mall in Waterbury.  Roberts told Morais that he needed to buy $30 of cocaine or crack cocaine from Morais.  They agreed to meet at or near Morais' residence at 163 Hamden Avenue, Apartment E, Waterbury, CT.

10.     Law enforcement followed Morais as he drove his Nissan Murano from the mall to his residence, where he entered apartment E.  A short time later, law enforcement observed Roberts park his Subaru down the street from Morais' residence.  Morais then exited his residence and drove his Nissan to Roberts' vehicle.  Law enforcement last observed Roberts travelling in his vehicle behind Morais as they departed the area.

11.     On December 5, 2018, law enforcement intercepted a telephone call between Morais and Jean Carlos Alexander Fabal Gonzalez, later identified as a narcotics source of supply to Morais.  During the call, Morais and Gonzalez discussed a meeting to effect a drug transaction with Gonzalez selling Morais "two."

12.     On March 20, 2019, law enforcement executed federal arrest, search and seizure warrants on 29 members of the DTO including the residence of Carlos Morais at 163 Hamden Avenue, Apartment E, Waterbury, CT.

13.     Morais was arrested and charged with the following federal narcotics violation: Conspiracy to Distribute and to Possess with the Intent to Distribute, Heroin, Cocaine and Cocaine Base.  Law enforcement attempted to interview Morais after his arrest but he refused to speak to officers so the questions were terminated immediately.  Also present at 163 Hamden Avenue was Morais' live-in girlfriend Jessica Carrero.  Carrero told law enforcement that she was unaware of Morais' drug trafficking activity.  Carrero was not arrested.

14.     Incident to his arrest, law enforcement conducted a search of Morais and Carrero's residence at 18 Hunthill Road.  In the closet of the master bedroom, law enforcement located two men's suit jackets.  Inside the inner pockets of one of the jackets were two large bundles of

United States Currency totaling $13,547, the Defendant Currency.  Carrero told officers that the

jackets belonged to Morais and that she did not know there was money stashed in the clothing.

Further, she stated that she did not want anything located in the jacket.

15.     Law enforcement determined that Carlos Morais was unemployed at the time of

his arrest.

16.      Based on the above information, it is believed that $13,547.00 in United States

Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore

subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

17.     The Defendant Currency represents proceeds traceable to the exchange of

controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.,

and are, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. §

881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be

issued for $13,547.00 in United States Currency; that due notice be given to all parties to appear

and show cause why the forfeiture should not be decreed; that judgment be entered declaring  the

property to be condemned and forfeited to the United States of America for disposition according

to law; and that the United States of America be granted such other relief as this Court may deem

just and proper, together with the costs and disbursements of this action.

4

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

   /s/ John B. Hughes
JOHN B. HUGHES
CHIEF, CIVIL DIVISION
ASSISTANT U. S. ATTORNEY


*/s/ David C. Nelson*
DAVID C. NELSON
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct25640
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
(203) 773-5373 (fax)
David.C.Nelson@usdoj.gov

DECLARATION

I am a Task Force Officer for the United States Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of September, 2019.


   /s/ Michael Paleski
MICHAEL PALESKI
TASK FORCE OFFICER
U.S. DRUG ENFORCEMENT ADMINISTRATION